10-4670-ag
Liu v. Holder

BIA
A077 710 510
A072 434 570

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:
            JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                    *Circuit Judges.*
_____

MING GUAN LIU, JIN YU CHEN,
            *Petitioners,*

            v.                                      10-4670-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONERS:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Ethan B. Kanter, Senior
                        Litigation Counsel; Paul F. Stone,
                        Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ming Guan Liu and Jin Yu Chen, natives and citizens of the People's Republic of China, seek review of the October 19, 2010, order of the BIA denying their motion to reopen. *In re Ming Guan Liu*, *Jin Yu Chen*, Nos. A077 710 510, A072 434 570 (B.I.A. Oct. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Liu and Chen's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Liu and Chen's 2010 motion was untimely, as the final administrative order was issued in 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, Liu and Chen failed to establish changed circumstances in China.

Liu and Chen converted to Christianity, prior to their merits hearing in 2006. They argue that the reports they submitted describe an increase in China's human rights abuses against Christians since the 2008 Olympics, and thus demonstrate changed circumstances. However, the BIA's determination that the evidence failed to demonstrate changed country circumstances since Liu and Chen's 2006 hearing is supported by substantial evidence, as their evidence did not show that any increase in suppression continued after 2009. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). Moreover, the BIA did not abuse its discretion in declining to credit Ms. Zhang's affidavit based on its inherent vagueness and the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Because the evidence Liu and Chen submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that they failed to meet an exception to the filing deadline and, accordingly, in denying their untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk